■ In the Matter of SIDNEY RUSAKOW, Respondent, v ALICE SACHS et al., Constituting the Board of Elections of the City of New York, Appellants. —In a proceeding to validate petitions designating petitioner-respondent Sidney Rusakow as a candidate in the election to be held on May 3, 1977 for the public position of Member of the New York City Community School Board, District 21, the appeal is from a judgment of the Supreme Court, Kings County, dated April 29, 1977, which, after a hearing, directed the board of elections to place petitioner's name upon the appropriate ballot. Judgment reversed, on the facts, without costs or disbursements, and petition dismissed. The finding that the designating petitions were timely filed is contrary to the weight of the credible evidence. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.

### (May 4, 1977)

■ FARUOLO, CAPUTI & WEINTRAUB, Respondent, v THOMAS BAASCH, Appellant.—In an action by a law firm to recover the amount of a counsel fee awarded to it for its representation of defendant's wife in a matrimonial action, defendant appeals from a judgment of the Supreme Court, Suffolk County, entered October 18, 1976, which, upon the granting of plaintiff-respondent's motion for summary judgment, (1) is in favor of plaintiff and against him in the amount of $1,000 and (2) dismissed his counterclaim. Judgment modified, on the law, by (1) deleting (a) so much of the first decretal paragraph thereof as granted plaintiff judgment in the amount of $1,000 and (b) the second decretal paragraph thereof, and (2) substituting therefor a provision dismissing the complaint. As so modified, judgment affirmed, without costs or disbursements. Since defendant's wife has already recovered a judgment for $1,000 against defendant, which judgment was affirmed by this court (Baasch v Baasch, 52 AD2d 588), the present action is unnecessary. Plaintiff is free to proceed with any remedies available to it to enforce the said judgment. Special Term properly dismissed defendant's counterclaims, in view of his failure to set forth evidentiary facts to support his allegations (see Shapiro v Health Ins. Plan of Greater N. Y., 7 NY2d 56). Hopkins, J. P., Margett, Damiani and Rabin, JJ., concur.